IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL J. MICELI,** | : | |
| Petitioner | : | CIVIL NO. 1:CV-08-1380 |
| v. | : | **(Judge Rambo)** |
| **WARDEN JERRY C. MARTINEZ,** | : | |
| Respondent | : | |

## **M E M O R A N D U M**

Petitioner Samuel J. Miceli ("Miceli"), an inmate currently incarcerated at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), in White Deer, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking immediate placement in a Residential Re-entry Center ("RRC") pursuant to the Second Chance Act of 2007.[1]  For the reasons that follow, the petition will be dismissed without prejudice for failure to exhaust administrative remedies.

---

[1] On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199, was signed into law.  Among its many provisions, the Act amended 18 U.S.C. § 3624(c), which now provides in relevant part:

(c) Prerelease custody. -

(1) In general.-The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.

**I.     Background**

In July 2002, Miceli was convicted in the United States District Court for the Western District of New York for bankruptcy fraud and illegal monetary transactions. (Doc. 5-2 at 2.)  He was sentenced to a term of imprisonment for ninety-seven months followed by a three-year term of supervision.  (*Id*.)  His projected release date from the Bureau of Prisons' ("BOP") custody via good conduct time is May 31, 2009.

On March 26, 2008, Miceli sent a letter to the sentencing judge, requesting that he "intervene and recommend an earlier halfway house release or possibly converting the last year of my sentence to home confinement." (Doc. 6 at 6.)  In his response dated April 29, 2008, the judge informed him that, according to Miceli's BOP case manager, although the relevant statute authorizes up to a year in a halfway house, the most time for which Miceli would qualify is four to six months. (*Id*.)  The judge further informed Miceli that he does not have input in the matter; rather, the BOP has discretion in deciding the length of any stay in a halfway house. (*Id*.)

On May 3, 2008, Miceli sent an "inmate request to staff member" to Respondent, Warden Jerry Martinez, requesting a twelve-month placement in a RRC. (*Id*. at 11.)  The warden responded on May 9, 2008 and informed Miceli that consideration of his placement in a RRC was scheduled for program review on or before June 6, 2008.  (*Id*. at 14.)

2

On May 16, 2008, Miceli's unit team at FCI-Allenwood considered him for placement in a RRC. (Doc. 5-2 at 14.) Upon review, the unit team recommended RRC placement for the last 150 to 180 days of Miceli's term of imprisonment. (*Id*.)

On May 19, 2008, Miceli sent an "inmate request to staff member" to his case manager, M. Hause, requesting information on why he was not recommended for a twelve-month RRC placement. (*Id*. at 15.) In her response dated May 20, 2008, M. Hause reiterated the standards used to determine Miceli's eligibility for the twelve-month RRC placement. (*Id*. at 16.) She further stated, "[Five to six months of RRC placement] is of sufficient duration to provide the greatest likelihood of successful reintegration into the community." (*Id*.)

On May 23, 2008, Miceli sent another "inmate request to staff member" request to Warden Martinez, requesting additional time in a RRC. (*Id*. at 17-18.) The warden responded on June 2, 2008. (*Id*. at 19.) He stated, after reviewing Miceli's central file and unit team review,

> Although I empathize with your current situation, I don't find any compelling reasons to request additional RRC placement time. A 150–180 day RRC placement is of sufficient duration to provide the greatest likelihood of successful reintegration into the community. Therefore, your request for additional RRC placement time is denied.

(*Id*. at 19.)

The record indicates that Miceli has filed no requests for administrative remedies with respect to his request for RRC placement.[2]  Miceli has filed only one request for administrative remedy while incarcerated at FCI-Allenwood.  The request was received at the institution level on December 18, 2007 and pertained to his security and custody classification.  (*Id*. at 20.)  That request was denied on January 2, 2008, and Miceli did not file an appeal.  (*Id*.)

On July 22, 2008, Miceli filed the instant habeas petition.  (Doc. 1.)  On August 5, 2008, the court issued an order directing the respondent to show cause on or before August 26, 2008, why habeas relief should not be granted.  (Doc. 4.)  In his response to the instant petition, Respondent contends that Miceli's habeas petition should be dismissed for failure to exhaust administrative remedies.  (Doc. 5.)  He further contends that the Second Chance Act requires neither a mandatory twelve-month RRC placement nor consideration by the BOP for such placement.  (*Id*.)  Miceli has replied to the response.  (Doc. 6.)  Thus, the petition is ripe for disposition.

---

[2]  Respondent has submitted the declaration of L. Cunningham, supervisory attorney at the United States Penitentiary at Lewisburg, Pennsylvania, which verifies the accuracy of all the administrative remedies pursued by Miceli, and the responses thereto, while he was incarcerated at FCI-Allenwood.  (Doc. 5-2 at 2-3.)  Also attached as exhibits are the relevant SENTRY computer-generated records of Miceli's exhaustion attempts on any filed requests for administrative remedies.  (*Id*. at 20.)

## II.  Discussion

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing habeas claims under § 2241.  *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  *Moscato,* 98 F.3d at 761–62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).

In order for a federal prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. § 542.  *See* 28 C.F.R. § 542.10, *et seq.*; *Lindsay v. Williamson*, No. 1:CV-07-0808, 2007 WL 2155544, at *2 (M.D. Pa. July 26, 2007).  An inmate first must informally present his complaint to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a).  If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined.  28 C.F.R.

5

§ 542.14(a). If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. 28 C.F.R. §§ 542.15(a), 542.18. No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office. *See Sharpe v. Costello*, No. 08-1811, 2008 WL 2736782, at *3 (3d Cir. July 15, 2008).

As set forth above, the record reflects that since his incarceration at FCI-Allenwood, Miceli has filed one request for administrative remedy relating to his security and custody classification, which was received by the institution on December 18, 2007, and denied on January 2, 2008. Miceli did not appeal the denial of his request. Further, Respondent claims that this request does not relate to Miceli's instant request to be placed in a RRC, and Miceli does not contend otherwise. (*See* Doc. 6.)

Respondent contends that Miceli has neither exhausted his administrative remedies with respect to the instant claim nor offered any excuse for not doing so. In his traverse, Miceli counters that he has been communicating with Respondent and his unit team since February 2008 about placement in a RRC, but has been told, "'No need for additional time to reintegrate into the community.'" (Doc. 6 at 3.) As a result, he claims, "any other delays would have further prejudiced [Miceli] since his

6

12 months RRC date should have been May 31, 2008." (*Id.*)  There is nothing in the record, however, indicating that Miceli subsequently raised his claim with any other entity, namely the BOP's Regional and Central Offices, prior to filing the instant petition.  As such, the court agrees with Respondent that Miceli has failed to exhaust his administrative remedies with respect to the instant claim.  Further, Miceli has failed to present any basis for excusing exhaustion in this case.  As the record clearly indicates that Miceli has not exhausted his administrative remedies with respect to the claim presented in the instant petition, the court will dismiss without prejudice the § 2241 petition for failure to exhaust administrative remedies.[3]

### III.   Conclusion

Based on the foregoing determination that Miceli has failed to exhaust his administrative remedies with respect to the claim raised in the instant petition, the petition for writ of habeas corpus (Doc. 1) will be dismissed without prejudice.

An appropriate order will issue.

>                 s/Sylvia H. Rambo
>         SYLVIA H. RAMBO
>         United States District Judge

Dated:  September 15, 2008.

---

[3] Because exhaustion of administrative remedies is a threshold issue, there is no need to address Respondent's alternative argument.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL J. MICELI,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-08-1380 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **WARDEN JERRY C. MARTINEZ,** | : | |
| | : | |
| Respondent | : | |

# O R D E R

AND NOW, this 15th day of September, 2008, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court is directed to **CLOSE** this case.

                                                                   s/Sylvia H. Rambo
                                                                   SYLVIA H. RAMBO
                                                                   United States District Judge

Dated: September 15, 2008.